UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NO. 17-4609

| UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH WILLIAM DEICHERT | ) | MOTION FOR SUMMARY DISPOSITION (AFFIRMANCE) WITHOUT FULL BRIEFING |
|---|---|---|

The United States, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves for summary disposition (affirmance) without full briefing, pursuant to Local Rule 27(f) and Rule 2 of the Federal Rules of Appellate Procedure, and for suspension of the briefing schedule during the adjudication of this request. We state as follows in support of our motion.

Background

In February 2015, the FBI located and seized the servers for a child pornography website called "Playpen," a hidden services message board located on the "dark web." (J.A. 1042–44; J.A. 1081, ¶ 8). The servers were relocated from Florida to the Eastern District of Virginia, and the FBI sought a warrant to deploy a Network Investigative Technique (NIT) to locate users accessing the website. (J.A. 1043). A federal magistrate judge in the Eastern District of Virginia authorized the use of the NIT on Playpen visitors for 30 days. (J.A. 55–57, 1043–44; see also J.A.

55–99). During that time, the NIT identified thousands of computers that accessed the site. (J.A. 24). Defendant was one such visitor. (J.A. 1044–45; J.A. 1081, ¶¶ 9–10).

On February 20, 2015, the NIT identified an Internet Protocol address that was ultimately traced back to Defendant Keith William Deichert. (J.A. 1081, ¶¶ 9–10). Based on this information, agents obtained and executed a search warrant on Defendant's home in Raleigh, North Carolina. (J.A. 100–57; J.A. 1081, ¶¶ 9–10). Investigators seized Defendant's computer equipment and media storage devices, which contained approximately 40,433 images and 1,661 videos of child pornography. (J.A. 1081–82, ¶¶ 10–11).

In a 21-count indictment filed in the Eastern District of North Carolina, Defendant was charged with manufacturing child pornography (Counts 1 through 10), receiving child pornography (Counts 11 through 20), and possession of child pornography (Count 21). (J.A. 10–18; J.A. 1080, ¶¶ 1–3). Defendant moved to suppress all evidence seized by the government from his computer through the use of the NIT authorized by the February 2015 search warrant issued in the Eastern District of Virginia. (J.A. 19–52). The court denied Defendant's suppression motion. (J.A. 1041–59).

Defendant entered into a conditional plea agreement with the government that contained a number of sentencing stipulations that were non-binding on the court. (J.A. 1060–66). In the agreement, Defendant generally waived his right to appeal his conviction and

sentence, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his plea. (J.A. 1060–61). The plea agreement expressly reserved Defendant's right to appeal one aspect of the Court's suppression ruling:

> The parties further agree that the Defendant reserves the right of appeal only Part D of the district court's order denying his motion to suppress. (D.E. 27 at 12–19). If the Fourth Circuit determines on direct appeal that the motion to suppress should have been granted based upon a violation of Federal Rule of Criminal Procedure 41(b), then the defendant may withdraw his guilty plea.

(J.A. 1061).[1] In the cross-referenced section of the order denying the motion to suppress, the district court assumed that Rule 41 of the Federal Rules of Criminal Procedure had been violated, determined that any such violation was non-constitutional, and concluded that suppression was inappropriate. (J.A. 1052–59; see

[1] Rule 41(b) addresses venue for a warrant application. When the warrant was issued in February 2015, the relevant portions of Rule 41(b) provided that "a magistrate judge with authority in the district . . . has authority to issue a warrant to search for and seize a person or property [1] located within the district" and [2] "outside the district if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed." Fed. R. Crim. P. 41(b)(1)–(2) (2015). Additionally, "a magistrate judge with authority in the district has authority to issue a warrant to install within the district a tracking device; the warrant may authorize use of the device to track the movement of a person or property located within the district, outside the district, or both." Fed. R. Crim. P. 41(b)(4) (2015).

also Brief at 11–12). The district court specifically noted that Defendant presented "no evidence . . . to suggest that the FBI or issuing magistrate judge recklessly disregarded the requirements of Rule 41." (J.A. 1058).

This appeal followed. Consistent with the express reservation in the plea agreement (J.A. 1061), Defendant argues that his motion to suppress should have been granted because the magistrate judge in the Eastern District of Virginia violated Federal Rule of Criminal Procedure 41(b) and "the good faith exception to the exclusionary rule does not apply, because the NIT warrant was void ab initio under Rule 41" (Brief at 12–13).

Discussion

As Defendant recognizes (see Brief at 13), the outcome of his appeal is dictated by the recent published decision of United States v. McLamb, 880 F.3d 685 (4th Cir. 2018). In McLamb, the Court considered a variety of challenges to the exact same warrant at issue here. 880 F.3d at 686–89. Like Defendant, McLamb argued that the magistrate judge in the Eastern District of Virginia exceeded her jurisdiction. Id. at 689–91. McLamb further argued that "such warrants are void from inception," meaning that "their execution is the equivalent of a warrantless search." Id. at 891. This Court disagreed. Id.

In rejecting McLamb's argument, the Court explained:

> [A]s noted, the Supreme Court has held that "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." Suppressing evidence merely because it was obtained pursuant to a warrant that reached beyond the boundaries of a magistrate judge's jurisdiction would not, under the facts of this case, produce an "appreciable deterrence" on law enforcement
>
> Accordingly, suppression is not appropriate.

Id. at 691 (quoting United States v. Leon, 468 U.S. 897, 909, 916 (1984)). This rationale applies with equal force to Defendant's challenge to the very same warrant. The district court, therefore, appropriately rejected Defendant's argument that any Rule 41(b) violation required suppression.

The government recognizes that motions for summary affirmance "are reserved for extraordinary cases only and should not be filed routinely." Local R. App. P. 27(f). This is an atypical case. Defendant has acknowledged that "this Court has ruled contrary to the position asserted by him in this appeal, in United States v. McLamb" and presents his arguments solely "to preserve [his] positions for further appellate review." (Brief at 13). Here, summarily affirming the denial of the motion to suppress in light of Lamb will promote judicial efficiency, avoid additional briefing expenses by the parties, and effectively preserve Defendant's arguments for further review.

While motions for summary affirmance are to be made only after briefs are filed, Local Rule 27(f), this Court may "suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)," Fed. R. App. P. 2. The government respectfully submits that it is unnecessary to require further briefing when the parties agree a precedential decision resolves the appeal. At a minimum, the government requests that the briefing schedule be suspended until this Court rules on its motion for summary affirmance without full briefing.

Position of Defense Counsel

The government has consulted defense counsel for his position on this motion. Defense counsel is not able to provide his position on summary disposition at this time, as he is in the process of discussing the matter with his client. Defense counsel does not oppose suspending the briefing schedule during the pendency of this motion.

Conclusion

WHEREFORE, the United States respectfully requests that the Court summarily affirm the denial of Defendant's motion to suppress

without full briefing and suspend the briefing schedule during its adjudication of this request.

Respectfully submitted this 22nd day of February, 2018.

ROBERT J. HIDGDON, JR.
United States Attorney

BY: /s/ Kristine L. Fritz
KRISTINE L. FRITZ
Assistant United States Attorney
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, North Carolina 27601-1461
Telephone: 919-856-4530

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this document meets the type-volume limits of Rules 27(d), 35(b)(2), and/or 40(b) because, exclusive of the portions of the document exempted by Rule 32(f), this document contains 1328 words.

   (Filings are not to exceed 5,200 words for a motion or response and 2,600 words for a reply, pursuant to Rule 27(d), or 3,900 words for a petition for panel rehearing or rehearing en banc, pursuant to Rules 35(b)(2) and/or 40(b)).

2. Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using twelve-point Courier New, a monospaced typeface.

/s/ Kristine L. Fritz
KRISTINE L. FRITZ

## CERTIFICATE OF SERVICE

This is to certify that I have this 22th day of January, 2018, electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF user(s):

Joseph E. Zeszotarski, Jr.
Gammon, Howard & Zeszotarski, PLLC

BY: /s/ Kristine L. Fritz
KRISTINE L. FRITZ
Assistant United States Attorney